UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
PAUL GELINAS                                           :     3:13 CV 891 (CSH)
                                                       :
V.                                                     :
                                                       :
CAROLYN W. COLVIN,                                     :
ACTING COMMISSIONER OF                                 :
SOCIAL SECURITY                                        :
                                                       :     DATE: JUNE 6, 2014
--------------------------------------------------------- x

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On July 21, 2010, plaintiff, Paul Gelinas, applied for DIB claiming that he has been disabled since April 15, 2009 due to a degenerative joint, disc and hip disorder, swelling in his legs, and atrial fibrillation, which applications were denied initially and upon reconsideration. (Dkt. #20, at 1). After a hearing before ALJ James E. Thomas, the ALJ issued a decision finding that plaintiff has not been under a disability, and two months later, the Appeals Council denied plaintiff's request for review. (Id. at 1-2). On June 20, 2013, plaintiff filed his complaint in this pending action (Dkt. #1), and a Motion to Proceed In Forma Pauperis was granted on June 24, 2013. (See Dkts. ##3, 9-11).[1] On February 28, 2014, this United States Magistrate Judge issued a Recommended Ruling on Plaintiff's Motion to Reverse the Decision of the Commissioner, and on Defendant's Motion to Affirm the Decision of the Commissioner ["February 2014 Ruling"], familiarity with which is presumed. (Dkt. #20).  In the February 2014 Ruling, this Magistrate Judge recommended that plaintiff's Motion for Reversal or Remand be granted in part such that the matter is remanded for further consideration of "the medical entries relating to plaintiff's inability to ambulate

---

[1] Plaintiff also filed a Motion to Proceed in Forma Pauperis (Dkt. #3), followed by a renewed Motion to Proceed in Forma Pauperis filed on June 24, 2013 (Dkt. #10; see Dkt. #9), which motion was granted the same day. (Dkt. #11).

effectively," and consideration of plaintiff's "multiple impairments in combination, and as a result, their impact on the criteria identified in both Listing 1.02 and Listing 1.04, and specifically, Listing 1.04(C), and further consideration of the opinions of Dr. Rubin. (At 16-25). On March 17, 2014, Senior United States District Judge Charles S. Haight, Jr. approved and adopted the February 2014 Ruling, absent objection by either party, and the case was remanded for further proceedings consistent with the February 2014 Ruling. (Dkt. #21). Judgment entered the next day. (Dkt. #22).

On April 23, 2014, plaintiff filed the pending Motion for Attorney's Fees, with affidavit and brief in support. (Dkt. #23).[2] Seven days later, defendant filed her brief in opposition. (Dkt. #24).[3] For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #23) is granted in the amount of $6,255 (34.75 hours x $180/hr rate).

## I. DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted). In order for an award of attorney fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B).

---

[2]Plaintiff's counsel also attached her time sheet ["Time Log"].

[3]Attached to defendant's brief is a copy of unpublished case law.

In this case, plaintiff's counsel seeks an award of $8,973, at a rate of $180 per hour for 49.85 hours, and $377.60 for service of process, postage, printing, and copying. (Dkt. #23). Defendant concedes that plaintiff was the prevailing party within the meaning of the Act, and defendant does not object to the hourly rate of $180.00, but defendant does oppose the amount of fees sought and seeks a reduction of the hours sought from 49.85 to 26. (Dkt. #24, at 1, 3-8). Defendant also contends that counsel is not entitled to any costs given that plaintiff proceeded in forma pauperis. (Id. at 8).

### A. REASONABLENESS OF THE NUMBER OF HOURS

It is plaintiff's burden to establish entitlement to this fee award, and the district court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983)(interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs.").[4] This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434.

Defendant correctly observes that "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10 CV 1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted). Plaintiff's counsel seeks 25.35 hours related to the preparation of her dispositive motion and brief in support. (Time Log at 1-2, Entries 10/22/13-11/26/13). In this case, the administrative transcript consisted of a mere 332 pages, among the smallest of

---

[4]The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433, n.7.

transcripts seen by this Court in several years. Additionally, the issues in this case were not overly complex, thereby justifying a reduction towards the lower range of the average that these cases require. Accordingly, plaintiff's counsel's hours are reduced from 25.35 to 18 hours for this work.

Additionally, a careful review of plaintiff's counsel's Time Log reveals that she requests 18.25 hours for work done <u>before</u> drafting her dispositive motion. (Time Log at 1). Counsel's hours spent doing certain clerical tasks, such as drafting a certificate of service, converting documents to searchable format, downloading court documents from CM/ECF, downloading the summons, compiling documents for service on defendant, and calendaring dates, are not compensable under the EAJA. <u>See J.O. v. Astrue</u>, No. 3:11 CV 1768(DFM), 2014 WL 1031666, at *2 (D. Conn. Mar. 14, 2014)(citation omitted)(reduction for file review, review of calendar, and communication with clerk's office); <u>see also Beck v. Astrue</u>, No. 3:11 CV 1185(JCH)(HBF), 2013 WL 1296494, at *2 (D. Conn. Mar. 26, 2013)(reduction for time spent to prepare office forms, review court docket and e-file request to issue summons, download documents for service, prepare summons forms, and prepare instructions to U.S. Marshal), <u>approved over plaintiff's objection</u>, 3:11 CV 1185(JCH), 2013 WL 3853444, at *1 (D. Conn. July 24, 2013). Moreover, plaintiff's counsel's inclusion of these clerical tasks in "block entries warrants a reduction in time." <u>Beck</u>, 2013 WL 1296494, at *2; <u>see also Beck</u>, 2013 WL 3853444, at *1. Accordingly, these 18.25 hours are reduced to 12 hours.

Plaintiff's counsel also seeks 3.5 hours for time spent drafting plaintiff's EAJA petition. "Other judges in this district have routinely found that preparation of an EAJA petition to largely involve clerical tasks, which are not compensable under the EAJA, and reduced such requests to [two] hours or less." <u>Barrow v. Astrue</u>, No. 11 CV 828(VLB)(TPS), 2013 WL

2428992, at *4 (D. Conn. Jun. 4, 2013)(awarding two hours for preparation of EAJA petition), citing Taylor v. Astrue, No. 09 CV 1791(MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011)(awarding one hour for preparation of largely duplicative EAJA petition); Hosking v. Astrue, No. 3:10 CV 64(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(awarding two hours for preparation of EAJA petition), approved over objection of both parties, 3:10 CV 64(MRK), 2013 WL 4681257 (D. Conn. Nov. 3, 2010). Accordingly, plaintiff's counsel's time spent on this task will be reduced from 3.5 hours to 2 hours.

In light of the Second Circuit's caution that fees under the EAJA should be awarded with an "eye to moderation," New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir.1983)(citations omitted), in light of the foregoing, and in light of counsel's extensive experience in this area of law,[5] the total reduction of 15.1 hours[6] from 49.85 hours is warranted. Accordingly, plaintiff's counsel is entitled to an award of fees for 34.75 hours of compensable work.

B. COSTS

Plaintiff seeks an award of $377.60 in costs for service of process by State Marshal service, in the amount of $361.60, and for copying, in the amount of $16.00. (Time Log at 2). As discussed above, on June 24, 2013, plaintiff's Motion to Proceed In Forma Pauperis was granted. (Dkt. #11). In proceedings in which the plaintiff is afforded in forma pauperis

---

[5]In her Declaration, plaintiff's counsel lists sixty-eight cases in which she has represented plaintiffs in civil actions in this Court. (Decl. at ¶ 4).

[6]Specifically, a reduction of 7.35 hours for time spent on the dispositive motion (from 25.35 to 18 hours), a reduction of 6.25 hours for time spent on clerical tasks (from 18.25 hours to 12 hours), and a reduction of 1.5 hours for time spent on the EAJA petition (3.5 hours to 2 hours) is appropriate.

Defendant does not challenge the remaining 2.75 hours incurred on January 27, 2014 and February 18, 2014, so there is no reduction. (Dkt. #24, at 7).

status, the plaintiff may not seek costs from the United States. 28 U.S.C.A. § 1915(f)(1)("Judgment may be rendered for costs at the conclusion of [a] suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred."); see Gomes v. Astrue, No. 09-3771-cv, 2011 WL 1900579, at *1 (2d Cir. Apr. 29, 2011); Maida v. Callahan, 148 F.3d 190, 193 (2d Cir. 1998)(in forma pauperis statute prevents an indigent claimant from recovering costs against the United States).  Accordingly, plaintiff is not awarded costs.

## II. CONCLUSION

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #23) granted in the amount of $6,255 (34.75 hours x $180/hr rate).

This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 6(a), 6(e), and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  See Beck, 2013 WL 3853444, at *1 & 2013 WL 1296494, at *3; Barrow, 2013 WL 2428992, at *4.  As such, it is an order of the Court unless reversed or modified by the district judge upon a motion timely made.

Dated this 6th day of June, 2014 at New Haven, Connecticut.

       /s/ Joan G. Margolis, USMJ
      Joan Glazer Margolis
      United States Magistrate Judge